IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO


RICHARD F. BATES and BEVERLY A. BATES,

    Plaintiffs,

v.                              No. CIV 03-1233 ACT/LFG

SHAUNA, INC. d/b/a SOLITAIRE HOMES OF ALBUQUERQUE,
and ORIGEN FINANCIAL L.L.C.,

    Defendants.


## MEMORANDUM OPINION AND ORDER

    THIS MATTER comes before the Court on Defendant Origen Financial L.L.C.'s (hereafter Defendant Origen, Origen or Defendant) Motion to Dismiss the Complaint.[1] (Doc. No. 34). Plaintiffs have responded to the Motion and Defendant Origen has filed its Reply. The Court has reviewed the motion and the pleadings in this case and finds, at this point in the lawsuit, the Motion to Dismiss is not well taken and will be DENIED. The Defendant Origen has not filed its Answer and little discovery has been done. It may become apparent as certain material facts are established during the course of discovery that Plaintiffs will be unable to prevail against this Defendant on one or more of their claims. But that is conjecture at this point and may be addressed, if appropriate, in a later Motion for Summary Judgment.

---

[1] Defendant Shauna, Inc., d/b/a Solitaire Homes of Albuquerque, has filed for bankruptcy. (Doc. No. 36). This case is stayed as against Shauna, Inc. (Doc. No. 38). The motion, which is the subject of this opinion, was filed by the Defendant Origen Financial, L.L.C. and does not concern or apply to the Defendant Shauna, Inc.

The standards of review for a motion to dismiss for failure to state a claim are well established. All well-pleaded factual allegations of the complaint are accepted as true and viewed in the light most favorable to the non-moving party. *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999). All reasonable inferences raised in the pleadings are resolved in favor of the Plaintiff. *Dill v. City of Edmond,* 155 F.3d 1193, 1201 (10th Cir. 1998). "A 12 (b)(6) motion should not be granted 'unless if appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *David v. City and County of Denver,* 101 F.3d 1334, 1352 (10th Cir. 1996), *cert. denie*d, 522 U.S. 858 (1997) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). The question is not whether the plaintiff will ultimately prevail, but whether the allegations entitle plaintiff to offer evidence to support his claim. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

Plaintiffs have alleged three claims for relief in their Amended Complaint. (Doc. No. 30). First, they claim that Origen's failure to fund their loan application constitutes "adverse action" under the Equal Credit Opportunity Act (ECOA), 15 U.S.C. §1691 et seq., and that both Defendants violated the ECOA because the Plaintiffs did not receive notice of the adverse action.

Secondly, Plaintiffs claim that Origen is liable to them under a claim of conversion. The Amended Complaint alleges that Solitaire, the seller of a manufactured home which Plaintiffs were attempting to purchase and finance, refused to return Plaintiff's down payment when the financing was not approved through no fault of the Plaintiffs. The pleading further alleges that Origen allowed Solitaire to act as its apparent agent throughout the transaction with the Plaintiffs, that Plaintiffs relied on Solitaire's apparent authority, that Plaintiffs made their down payment in reliance upon that authority and that Plaintiffs suffered damages as a result.

2

Thirdly, Plaintiffs assert a claim for relief under the New Mexico Unfair Trade Practices Act, NMSA §§ 57-12-1 et. seq. (UPA). The Amended Complaint asserts that the statements that the financing had been approved and that Defendants had the right to retain the down payment were misrepresentations which were violations of the UPA. Both parties recognize that this claim includes the assertion that Origen may be a holder in due course of the Retail Installment Contract and thus subject to the claims which Plaintiffs could assert against the seller of the manufactured home, the Defendant Solitaire.

Defendant Origen has vigorously argued that the claims of the Plaintiffs do not apply to it. Defendant has asserted that Plaintiffs were not "applicants" to Origen as defined by 15 U.S.C. §1691a(b), that Origen did not take any "adverse action" against the Plaintiffs as defined by 15 U.S.C. §1691 (d)(6), and that therefore the ECOA does not apply to Origen in the transaction which led to this lawsuit. Defendant further alleges that Solitaire never assigned the loan to Origen so that they were never an assignee or a holder in due course and that therefore any remedies or rights Plaintiffs may have against a holder in due course of the Retail Installment Contract does not apply to it. Lastly, Origen asserts that the documents presented to Plaintiffs during the application process were documents from Solitaire, not from Origen, and that Plaintiffs could not have relied on any apparent authority. Defendant attached an Affidavit from its general counsel (originally filed as Exhibit 1 to Doc. No. 15) stating that Plaintiffs were not "applicants" to Origen under the definition of the ECOA and that Origen had not engaged in any "adverse action" action against the Plaintiffs since Origen had approved the credit application. Further documents were attached to the Original Motion to Dismiss and the Reply to this Motion in support of its assertions. Plaintiffs have also attached documents and exhibits to their Response in

3

support of their claims.

Rule 12 (c) of the Federal Rules of Civil Procedure provides that if documents outside the pleadings are presented to and not excluded by the Court, the motion for judgment on the pleadings may be treated by the Court as a motion for summary judgment as though it were filed under Fed. R. Civ. P. 56.  If so, the Court must give all parties a reasonable opportunity to present all their material which may be relevant.  Defendant urges this Court not to treat its motion as one for summary judgment and the Court agrees that at this point, the motion is best treated as one on the pleadings.

The Plaintiffs's Amended Complaint states possible claims against Defendant Origen.  As the Supreme Court of the United States has stated, the issue is not whether the Plaintiffs will prevail against this Defendant.  The only question is whether Plaintiffs have alleged sufficient facts in their Amended Complaint that they are entitled to offer evidence in support of their claims.  *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).   Plaintiffs have met this threshold test.  Therefore, the Defendant Origen's Motion to Dismiss the Amended Complaint for Failure to State a Claim upon which Relief can be granted is DENIED.

_____
ALAN C. TORGERSON
UNITED STATES MAGISTRATE JUDGE